UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NATALIE KRAMER,

                      Plaintiff,

         -against-

AMERICAN INTERNATIONAL INDUSTRIES,

                    Defendant.
-------------------------------------------------------------X
GOLD, S., U.S.M.J.:

MEMORANDUM
AND ORDER
13-CV-2913 (FB)

## INTRODUCTION

Plaintiff Natalie Kramer brings this motion pursuant to Federal Rule of Civil Procedure

37 seeking sanctions against defendant American International Industries ("AII") for its failure to

comply with discovery orders. Plaintiff's Letter Motion, Docket Entry 23 ("Pl. Mot."). Kramer

claims that AII failed to provide relevant discovery until repeatedly pressed for it, and even then,

its production was extremely tardy and in several respects incomplete. As a result, plaintiff

argues, the progress of discovery and of the case generally have been significantly delayed. Pl.

Mot. at 3. Plaintiff seeks to recover the costs and fees she incurred as a result of defendant's

failure to respond to her discovery demands timely and completely. Defendant AII opposes

plaintiff's motion, asserting that it has properly responded to plaintiff's discovery demands and

that any efforts plaintiff has undertaken in pursuit of documents and information are not

extraordinary but rather part of the normal course of pretrial discovery. Docket Entry 24.

## BACKGROUND

This is a products liability case concerning Gigi Microwave Tweezeless Wax, a

microwaveable wax manufactured by defendant AII and intended for use as an at-home hair

removal product. Plaintiff's Complaint ¶¶ 6-7, 10 ("Compl."). Plaintiff claims she purchased

defendant's wax and heated it in her microwave oven.  Compl. ¶ 11.  According to plaintiff, the container failed and deformed, and hot wax leaked onto her leg and foot when she removed the container from the microwave.  Compl. ¶ 12.  Plaintiff contends she was burned and scarred where the hot wax leaked onto her skin.  Compl. ¶ 13.

Plaintiff served interrogatories and document demands on defendant on September 20, 2013.  Pl. Mot. at 1.  Plaintiff's document demands sought, among other things, "all legal pleadings, petitions and claim forms concerning any/all actions concerning the subject product" and "all documents concerning complaints, concerning the subject product, including complaint letters, e-mail complaints, phone calls, internet/online complaint postings."  Docket Entry 23-3, ¶¶ 34, 36.  Although defendant's responses were due on or about October 21, 2013, they were not served on plaintiff until December 9, 2013.  *See* Defendants' Responses to First Request for Production of Documents, Docket Entry 23-3; Response to Plaintiff's First Set of Interrogatories, Docket Entry 23-4.

After reviewing defendant's responses, plaintiff's counsel identified what he considered to be deficiencies and arranged a conference on December 18, 2013 to discuss them with defendant's counsel.  Plaintiff's counsel represents, and counsel for defendant does not dispute, that defendant agreed to produce additional documents.  Despite repeated reminders from plaintiff's counsel, however, no additional documents were provided over the ensuing months.  Pl. Mot. at 2.

I held a conference in this case on June 6, 2014.  Defendant had still not produced any additional documents despite its agreement to do so six months earlier.  At that conference, I directed counsel for plaintiff to serve defendant with a letter identifying all outstanding discovery.  *See* Docket Entry 13.  I also authorized plaintiff to conduct a deposition of defendant

with respect to its search for and production of documents pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiff provided a detailed letter identifying what she contended to be the deficiencies in defendant's production. Docket Entry 23-8. Defendant ultimately produced additional responsive documents, but did not do so until August 29, 2014, almost a full year after plaintiff's original demands were served. Defendant's Letter in Opposition ("Def. Opp."), Docket Entry 24. In its letter, defendant describes the additional documents produced as including "complaints from defendant's customer service department including emails from the plaintiff, Natalie Kramer [sic] and a product complaint form for Natalie Kramer and other claimants, as well as additional photographs of the product and claimants with regard to prior claims." Defendant offers no explanation why these documents, clearly called for in plaintiff's original demands and appropriate subjects of discovery, were not produced as part of defendant's first production in December of 2013, or why the Court should be confident these documents would have been produced had plaintiff not pressed her demands at the conference on June 6, 2014.

Plaintiff also noticed and conducted a deposition pursuant to Rule 30(b)(6) with respect to defendant's collection of documents and information in response to her discovery demands. Notice of Deposition, Docket Entries 23-11; Transcript of Deposition ("Dep. Tr.") Docket Entry 23-12. The deposition was held on April 23, 2015. Charles Loveless, the witness produced by defendant, acknowledged that defendant maintained a log of consumer complaints. Tr. 31-32. Mr. Loveless could not recall, however, whether the log had been searched for entries responsive to plaintiff's demands. Tr. 33-35. Similarly, although Loveless acknowledged that he himself had previously testified in approximately fifteen litigations brought against defendant in connection with its microwavable wax products, he could not identify the cases, did not maintain

records about the cases, and apparently made no effort to retrieve documents or information about the cases from defendant's lawyers or insurance adjusters.  Tr. 99-103.

In its opposition to plaintiff's motion, defendant acknowledges that, to the extent Loveless believed the log had been searched, he was mistaken.  Def. Opp. at 2.  Indeed, defendant conducted a further search for responsive documents after the Loveless deposition, and only then, on May 19, 2015 — *more than eighteen months after the documents were originally demanded* — produced consumer complaint forms and logs for eleven prior claims, Facebook account information with respect to three claimants, customer service complaints for twelve individuals, and information about three prior lawsuits involving the same product at issue here.  Def. Opp. at 3.  Again, defendant offers no explanation for its failure to produce these documents, clearly called for in plaintiff's original demands and appropriate subjects of discovery, as part of its first production in December of 2013, or why the Court should be confident these documents would have been produced had plaintiff not pressed her demands at the conference on June 6, 2014 and conducted the Loveless deposition on April 23, 2015.

Defendant did not even complete its production of responsive documents by May 19, 2015.  During a conference held on July 1, 2015, I directed defendant to complete its production by July 20, 2015 on pain of sanction.  Docket Entry 28.  Plaintiff has not made any further motion to compel or otherwise alerted the Court to any remaining deficiencies in defendant's production since that date.

## DISCUSSION

Federal Rule of Civil Procedure 37 provides that, when a motion to compel discovery is granted or discovery is provided after such a motion is filed, the court must require the party whose conduct necessitated the motion to pay the movant's expenses, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Here, defendant has offered no reasonable explanation for its failure to provide discovery properly demanded by plaintiff without motion practice and a Rule 30(b)(6) deposition. Accordingly, I conclude that an award of expenses and fees is warranted.

Plaintiff's counsel has submitted a declaration and contemporaneous time records detailing the hours he expended seeking the outstanding discovery, including the time spent on the Loveless deposition. Docket Entry 31. He seeks to recover fees for thirty-two hours and ten minutes of work at a rate of $400 per hour. Docket Entry 31. Counsel also requests reimbursement of $838.92 paid for the court reporter services required to take the Loveless deposition. Docket Entry 31.

The determination of a reasonable attorney's fee is a matter within the district court's discretion. *Linde v. Arab Bank, PLC*, 293 F.R.D. 138, 140 (E.D.N.Y. 2013). "The presumptively reasonable fee for an attorney's work is what a reasonable client would be willing to pay for that work." *Id*. (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany and Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008)) (internal quotation marks omitted). In calculating a reasonable attorney fee award, courts multiply the attorney's reasonable hourly rate by the number of hours reasonably expended. *Garcia v. City of New York*, 2013 WL 5574507, at *3 (E.D.N.Y. Oct. 9, 2013).

I find that the amount of time for which plaintiff's counsel requests compensation is reasonable. However, the hourly rate counsel requests is high for the type of work at issue. Although plaintiff's counsel is a partner in his firm, at least much of the work for which he requests compensation would likely be handled by an associate at a larger firm. It is appropriate to award fees at a rate commensurate with the type of work being done. *See, e.g., Garcia*, 2013 WL 5574507, at *5 (awarding solo practitioner fees at the rate of $75 per hour for clerical work

that would normally be completed by a paralegal). I conclude under the circumstances here that the hourly rate should be reduced to one reflecting the work of an associate. In the Eastern District, senior associates are generally awarded hourly fees of between $200 and $300 per hour. *See Zhiwen Chen v. Cnty. of Suffolk*, 927 F. Supp. 2d 58, 72 (E.D.N.Y. 2013); *see also Acosta v. Hall of Fame Music Stores, Inc.*, 2015 WL 1003550, at *8 (E.D.N.Y. Mar. 5, 2015) (awarding $275 per hour to a senior associate). Accordingly, I find that $300 is a reasonable hourly rate at which to compensate plaintiff's counsel for bringing discovery motions and conducting a Rule 30(b)(6) deposition related to discovery.

Multiplying the requested time, thirty-two hours and ten minutes, by the reasonable hourly rate, $300, yields a fee award of $9,650. Plaintiff is entitled to recover fees in that amount from defendant AII, plus an additional $838.92 for the cost of reporter who transcribed the Loveless deposition. Plaintiff is thus awarded a total of $10,488.92 in fees and costs.

## CONCLUSION

For the reasons stated above, plaintiff is awarded fees and costs in the total amount of $10,488.92.

SO ORDERED.

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
October 16, 2015

U:\MHS 2014-2015\Kramer v. American International Industries\Kramer Sanctions.docx